UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

LINDA M. SCHAINBERG            )
an individual,                 )
                               )
                               )
    Plaintiffs,              )
                               )
vs.                            )
                               )
UROLOGICAL CONSULTANTS OF      )
SOUTH FLORIDA, P.A. a professional )
association and JAY HYUN KIM and )
GIRIDHAR S. TALLURI both       )
individuals                    )
                               )
    Defendants,              )
                               )
_____ )

## COMPLAINT

    Plaintiff, LINDA M. SCHAINBERG (hereinafter "Schainberg"), by and through her undersigned attorney, sues Defendants, UROLOGICAL CONSULTANTS OF SOUTH FLORIDA, P.A., a Florida professional association (hereinafter "Urological Consultants"); JAY HYUN KIM (hereinafter "Kim") and GIRIDHAR S. TALLURI (hereinafter "Talluri") who alleges, on behalf of herself as follows:

1

## INTRODUCTION AND PARTIES

1. Plaintiff is an employee of Urological Consultants. She is bringing this action against Urological Consultants to challenge its policy and practice of failing to pay its staff overtime.

2. This is a Florida professional association which provides medical services to patients.

3. Urological Consultants at all relevant times had gross operating revenues in excess of $500,000.

4. Urological Consultants at all relevant times was engaged in "interstate commerce" within the meaning of 29 U.S.C. sec. 203

5. Urological Consultants had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of 29 U.S.C. sec. 203.

6. At all relevant times, Urological Consultants has operated in this judicial District, has had places of business in Miami-Dade County and employed the Plaintiff in this judicial district.

7. Urological Consultants is an "employer" as that term is used in sec. 203(d) of the FLSA.

8. The individual Defendants are "employers", as defined in 29 U.S.C. sec. 203(d), as they have operational control over the Defendant professional association and are directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. They also control the "purse strings" for the corporation.

9. Schainberg was employed as a front desk clerk. Plaintiff, Schainberg was at all relevant times a resident of the Southern District of Florida and was employed at Neurological Consultants' offices in Miami-Dade County and Broward County, Florida. At all relevant times, she was and is an "employee" as that term is used in sec. 203(e) of the FLSA.

10. In performing her duties for Urological Consultants, Schainberg was engaged in commerce or the production of goods for commerce within the meaning of 19 U.S.C. sec. 203(b) in that Schainberg (i) used goods and products that had been moved or produced in the interstate commerce, (ii) provided goods and services to clients who reside in states other than Florida and/or (iii) provided clients with goods and services paid for by private persons or entities from outside the State of Florida.

11. Despite the fact that Plaintiff spent the vast majority of her time performing non-exempt tasks, Urological Consultants refused to pay her overtime compensation for overtime hours worked.

12. Plaintiff seeks to receive (i) full compensation on her own behalf for all unpaid overtime under the FLSA, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA and (iii) recover reasonable attorneys' fees and costs of the action, as provided by Section 16(b) of the FLSA.

## JURISDICTION

13. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. sec. 1331 because they raise a question of federal law.

## VENUE

14. Venue as to Urological Consultants and the individual defendants is proper in this Court because the events giving rise to Plaintiff's claim occurred within the judicial district and because Urological Consultants has its main office within the judicial district.

## COUNT ONE - UNPAID OVERTIME

15. Plaintiff re-alleges and incorporates the above paragraphs 1 through 15 as though fully set forth herein.

16. Section 207(a)(1) provides as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless each such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

17. Urological Consultants' across-the-board policy of classifying the Plaintiff as exempt from overtime pay entitlements is unlawful. At no relevant time did the Plaintiff primarily engage in exempt duties. Neither the executive exemption under 29 U.S.C. C.F. R. 541.1, the administrative exemption under 29 C.F.R. 541.2, the professional exemption under 29 C.F. R. 541.3, nor the outside sales exemption under 29 C.F.R. 541.506 preclude Plaintiff from asserting her right to overtime pay. Plaintiff did not regularly exercise discretion and independent judgment in carrying out her job duties, and had no discretion in making company policy.

18. Plaintiff has worked overtime hours for Urological Consultants without being paid overtime premiums in violation of the FLSA.

19. Urological Consultants has willfully violated the FLSA. As a result, Urological Consultants is liable to the Plaintiff for liquidated damages in an amount equal to the wages Urological Consultants has failed to pay as a result of the foregoing violation.

20. Plaintiff is entitled to all of the overtime wages she is owed, as well as costs and attorneys' fees she expended in bring this action to recover her unpaid wages.

WHEREFORE Plaintiff requests compensatory and liquidated damages and reasonable attorneys' fees from all the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing for Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA violations. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any all other relief which this Court deems reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

March 7, 2012.

        Respectfully Submitted,

        SIMON, SCHINDLER & SANDBERG LLP
        2650 Biscayne Boulevard
        Miami, FL 33137
        Tel: (305) 576 1300
        Fax: (305) 576 1331
        E-Mail: afalzon@miami-law.net

        Electronically Filed through CM/ECF
        Anthony V. Falzon, Esq.
        Fla. Bar No. 69167