UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21721-CIV-ALTONAGA/Simonton

**LINDA M. SCHAINBERG**,

 Plaintiff,
vs.

**UROLOGICAL CONSULTANTS
OF SOUTH FLORIDA, P.A.**, *et al.*,

 Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court upon Defendants, Urological Consultants of South Florida, P.A. ("Urological Consultants"), Jay Hyun Kim ("Kim"), and Giridhar S. Talluri's ("Talluri['s]") Motion to Dismiss Amended Complaint . . . or in the Alternative for a More Definite Statement ("Motion") [ECF No. 28], filed June 21, 2012. Plaintiff, Linda M. Schainberg ("Schainberg") filed an Amended Complaint ("Complaint") [ECF No. 18] on June 12, 2012, alleging: unpaid overtime against the "Group" under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I); unpaid overtime against Urological Consultants under the FLSA (Count II); retaliatory discharge against the Group (Count III); retaliatory discharge against Urological Consultants (Count IV); interference with rights against the Group under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") (Count V); interference against the Group under the FMLA (Count VI); and retaliation under the FMLA against the Group (Count VII). The Court has previously denied the portion of the Motion seeking summary judgment as to Counts V–VII. However, on July 25, 2012, Schainberg voluntarily dismissed Counts I, III, and V–VII without prejudice. (*See* [ECF No. 61]). The sole

Case No. 12-21721-CIV-ALTONAGA/Simonton

remaining claims at issue are Counts II and IV.

Schainberg filed a Memorandum of Law in Opposition . . . ("Response") [ECF No. 55] on July 17, 2012. Defendants filed a Reply Memorandum of Law . . . ("Reply") [ECF No. 59] on July 24, 2012. The Court has carefully considered the Motion, the parties' submissions, the record and applicable law.

## I. BACKGROUND[1]

Schainberg is a resident of this District and was an employee of Defendants for over five years prior to her termination on June 1, 2012. (*See* Compl. ¶ 1). Schainberg was an employee of "her integrated employers" Urological Consultants and Defendant Urology Specialty Group, LLC ("Urology Specialty") (collectively, the "Group"). (*Id.* ¶ 2). The Group shared common management, interrelated operations, centralized control over labor relations, and common financial control to a degree. (*See id.*). Urological Consultants is "a part of Urology Specialty." (*Id.* ¶ 11). Urological Consultants is a Florida Professional Association that provides medical services to patients in Broward and Miami-Dade Counties. (*See id.* ¶ 3). Urology Specialty is a Florida limited liability company made of various medical professional associations. (*See id.* ¶ 4). Urological Consultants and Urology Specialty, at all relevant times, each had annual gross operating revenues over $500,000. (*See id.* ¶ 5). The individual Defendants in this action have operational control over the Group, are directly involved in decisions affecting employee compensation and hours, and "control the 'purse strings'" for the Group. (*Id.* ¶ 10).

Schainberg was employed as a front desk clerk. (*See id.* ¶ 11). Schainberg spent the

---

[1] The factual background is taken from the allegations in the Complaint, which are accepted as true for the purposes of the Motion.

Case No. 12-21721-CIV-ALTONAGA/Simonton

"vast majority of her time" performing non-exempt FLSA tasks. (*Id.* ¶ 13). The Group's policy classified Schainberg as exempt from overtime pay. (*See id.* ¶ 27). On April 17, 2012, Schainberg was diagnosed with severe irritable bowel syndrome ("IBS"), and her doctor certified she was unable to return to work. (*See id.* ¶ 18). Schainberg was never advised by the Group of her right to take FMLA leave. (*See id.*). She was terminated on June 1, 2012, after service of the original complaint in this matter alleging FLSA violations. (*See id.* ¶ 14).

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

Case No. 12-21721-CIV-ALTONAGA/Simonton

## III.  ANALYSIS

Defendants seek to dismiss Counts II and IV of the Amended Complaint under Federal Rule 12(b)(6), or in the alternative seek a more definite statement under Rule 12(e).  The Court addresses each of their arguments in turn.

### A.  Sufficiency of FLSA Enterprise Coverage Allegations

First, Defendants assert Schainberg has omitted any factual grounds from which to infer there is enterprise coverage for her FLSA claims.  In order to assert a claim under the FLSA, the employee must "establish[] either individual or enterprise coverage."  *Guzman v. Irmadan, Inc.*, 322 F. App'x 644, 645 (11th Cir. 2009).  An employer falls under enterprise coverage of the FLSA if it "1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'"  *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).

Defendants dismiss allegations in the Complaint that the Group has "common management, "interrelated operations," and "centralized control of labor relations and a degree of common financial control" as conclusory.  (Mot. 5 (quoting Compl. ¶ 2)).  Defendants state the Complaint does not allege the individual Defendants are licensed physicians rendering urological care only in South Florida.  (*See id.* 5).  Neither of these arguments, however, is a basis for dismissal at this stage.  The allegations regarding common management are sufficiently factual to constitute allegations about the nature of the enterprise.  Moreover, Defendants' fact regarding the individual Defendants does not serve as a basis of dismissal of claims as to

Case No. 12-21721-CIV-ALTONAGA/Simonton

Urological Consultants, and is moreover an argument about fact more appropriately made on summary judgment.

As to the two prongs necessary to allege enterprise coverage, Defendants do acknowledge Schainberg alleges they have gross operating revenue over $500,000, were engaged in "interstate commerce" per the meaning of the FLSA, and have employees "handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce." (Mot. 5 (quoting Compl. ¶¶ 5–7)). The question is whether these allegations are sufficient. Schainberg recites the standard of review on a motion to dismiss and contends her pleading has alleged enough to state a claim. (*See* Resp.).

Defendants first cite *Guzman*, 322 F. App'x 644, and *Sandoval v. Florida Paradise Lawn Maintenance*, 303 F. App'x 802 (11th Cir. 2008), in support. (*See id.* 4). Both of these decisions, however, applied the summary judgment standard, weighing the record evidence, and are inapposite here. Defendants then cite a number of district court cases from this Circuit that applied the proper standard and found FLSA coverage insufficiently pleaded. (*See* Mot. 9–10). One of these in particular, *Rushton v. Eye Consultants of Bonita Springs*, No. 2:10-cv-357-FtM-29SPC, 2011 WL 2601245 (M.D. Fla. June 30, 2011), addressed facts very similar to those at hand. In that case, the plaintiff alleged the defendant employer was an "enterprise engaged in commerce and engaged in the production of goods for commerce," as well as that the defendant's annual gross revenue exceeded $500,000 yearly. 2011 WL 2601245, at *2. The court found the plaintiff had "failed to allege any facts to support these conclusory statements," and "[a] mere recitation of the elements is insufficient to state a claim." *Id.* As in *Rushton*, Schainberg has merely repeated the statutory language verbatim, adding nothing else in the way

Case No. 12-21721-CIV-ALTONAGA/Simonton

of factual matter. The Court therefore finds the allegations to be conclusory. The court in *Perez v. Muab, Inc.*, No. 10-62441-Civ, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011), recognized there can be a "fine line" between mere legal conclusions and factual allegations. Where "allegations, though coming close to tracking the legal standard laid out in *Polycarpe*, are factual in nature," they shall withstand a motion to dismiss. *Id.* Here, the allegations do not merely come close to tracking the legal standard — they are a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In her Response, Schainberg cites a number of cases that purportedly demonstrate the Amended Complaint meets the standard under Rule 12(b)(6). (*See* Resp. 5). However, not one of these cases addresses sufficiency of allegations of enterprise or individual coverage — they have no relevance whatsoever to this argument. The Court finds Schainberg has not sufficiently pleaded enterprise coverage under the FLSA.

  **B.**  **Sufficiency of FLSA Individual Coverage Allegations**

Defendants note that Schainberg alleges she was a "front desk clerk," and that in performing her duties she was engaged in "commerce or the production of goods for commerce" under the FMLA. (Mot. 6 (quoting Compl. ¶¶ 11–12)). They assert, however, that Schainberg fails to allege how exactly her duties involve interstate commerce, when she was employed, or when she did not receive overtime. (*See id.* 6). Defendants emphasize Schainberg worked "in a local medical practice employing two physicians." (*Id.*). According to Defendants, Schainberg's allegations as to individual coverage are legally insufficient, citing *Guzman*. (*See id.*).

As an initial matter, Schainberg does allege when she was employed — for "over five years prior to her termination on or about June 1, 2012." (Compl. ¶ 1). Moreover, the Court

6

Case No. 12-21721-CIV-ALTONAGA/Simonton

ordered Plaintiff, with the view of assisting with the management of the case, to submit a "statement of claim setting forth the amount of alleged unpaid wages, the calculation of such wages, and the nature of the wages (e.g., overtime or regular)," and promptly to serve a copy of the Court's notice and of the Statement of Claim on Defendants, which Plaintiff did. (*See* May 8, 2012 Order [ECF No. 4]). Defendants received sufficient notice of the time period in question and amount of overtime in the Statement of Claim [ECF No. 9]. As to the purported conflicting evidence, this again is not appropriately a basis to dismiss Schainberg's claim at this stage.

Nevertheless, Defendants have also raised the issue of whether Schainberg sufficiently pleads individual FLSA coverage, without which her claim may not proceed as the Court finds enterprise coverage is not sufficiently alleged. "For individual coverage to apply under the FLSA, [plaintiff] had to show that he (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Guzman*, 322 F. App'x at 645 (alteration added).

Schainberg's allegation that she was "a front desk clerk," in and of itself, does not suggest individual coverage. *See Rushton*, 2011 WL 2601245, at *2 (finding no individual coverage where plaintiff's alleged duties included patient/customer interaction and all appeared to be "entirely instate"). Schainberg further alleges:

> In performing her duties for the Group, Schainberg was engaged in commerce or the production of goods for commerce within the meaning of 19 [sic] U.S.C. sec. 203(b) in that Schainberg (i) used goods and products that had been moved or produced in interstate commerce, (ii) provided goods and services to clients who reside in states other that [sic] Florida and/or (iii) provided clients with goods and services paid for by private persons or entities from outside the State of Florida.

(Compl. ¶ 12). Although Schainberg has alleged more for individual than enterprise coverage, she has done so by repeating variations on the statutory language while providing very little or

7

Case No. 12-21721-CIV-ALTONAGA/Simonton

no factual content. Her allegations are very similar to those found to be insufficient in *Lussi v. Design-Build & Engineering, Inc.*, No. 09-23446-CIV, 2010 WL 1571158 (S.D. Fla. Apr. 20, 2010) (finding allegations that, *inter alia*, plaintiffs' "work for the Defendant affected interstate commerce . . . because the materials that they used/handled on a constant and/or continual basis and/or what were supplied to them by the Defendants to use on the job moved through interstate commerce" were insufficient to establish individual coverage), and *Peralta v. Greco International Corp.*, No. 11-22224-CIV, 2011 WL 5178274 (S.D. Fla. Oct. 31, 2011) (similar). The Court finds the allegations amount to a mere conclusion that Schainberg is subject to individual coverage — as a result, they fail to compel that conclusion here.

### C. Sufficiency of FLSA Individual Liability Allegations

Defendants assert "[t]here are no specific acts alleged that the individual Defendants were involved in the day-to-day operations of UROLOGICAL CONSULTANTS or directly supervised SCHAINBERG." (Mot. 7). If the individual Defendants qualify as "employer[s]" within the meaning of the FLSA, they may be jointly and severally liable for unpaid wages. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). However, there can only be liability to the extent there is coverage, which Schainberg has not adequately alleged. Her claims in Counts II and IV therefore fail not only as to Urological Consultants but as to the individual Defendants as well.

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss **[ECF No. 28]** is **GRANTED**. Schainberg may file an amended complaint consistent with this Order no later than

Case No. 12-21721-CIV-ALTONAGA/Simonton

**September 3, 2012**.  The Motion for Leave to File Second Amended Complaint **[ECF No. 62]** is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record